240     APPELLATE COURTS OF ILLINOIS.

Dierssen v. Williamsburg City Fire Ins. Co., 204 Ill. App. 240.

## George E. Dierssen et al., Appellees, v. Williamsburg City Fire Insurance Company, Appellant.

### Gen. No. 21,931.

1. ASSIGNMENTS—*when judgment is properly rendered in favor of assignee of cause of action.* In an action brought in the Municipal Court by three plaintiffs, where, after verdict in their favor and pending a motion for a new trial, they assigned their interest in the case, and the assignments were filed with the clerk of the court, and, on motion by two of such plaintiffs, the assignee was substituted, without objection by the defendant, for the third plaintiff, and thereafter the motion for a new trial was denied and judgment was entered on the verdict, *held* that the judgment was not erroneous, notwithstanding the assignments filed with the clerk may not have been brought to the attention of the 'trial judge, as contended, or that the assignee was not substituted also for the other two plaintiffs.

2. TIME, § 1*—*how computed.* The proper mode of computing time where an act is to be performed within a particular period from or after a specified day is to exclude the day named and include the day on which the act is to be done.

3. TIME, § 2*—*when Sunday excluded in computing.* Where the last day specified in a contract within which an act is to be performed falls on Sunday, that day also is excluded, under Rev. St. ch. 131, sec. 1, par. 11 (J. & A. ¶ 11102), and Rev. St. ch. 100, sec. 6 (J. & A. ¶ 7860), in computing the time when such act is to be performed, and performance of such act on the following day would be in apt time.

4. INSURANCE, § 441*—*what constitutes waiver of provision in policy for filing of proofs within specified time after loss.* Where, upon a loss accruing under an insurance policy, negotiations for adjustment were begun by the insurer prior to the filing of proofs of loss and were continued after same were filed, without objection that such proofs had not been filed in time, *held* that there was a waiver by the insurer of the provision of the policy that such proofs should be filed within a specified time after loss.

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 8, 1917. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SCHUYLER & WEINFELD, for appellant.

BEACH & BEACH and LAURENCE JACOBS, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Doctors William E. Code and Wálter A. Code and Ben E. Dyer brought suit against the Williamsburg City Fire Insurance Company on a policy of insurance covering certain personal property. The case was tried before the court without a jury and there was a finding in favor of the plaintiffs for $1,064.38. Pending the motion for a new trial, plaintiffs assigned their interest in the suit to appellee George E. Dierssen. These assignments were filed with the clerk of the Municipal Court, and afterwards, on motion of the plaintiffs, an order was entered amending all records, papers and proceedings by substituting George E. Dierssen in place of Ben E. Dyer. The motion for a new trial was then overruled and judgment entered.

No evidence was offered on behalf of the defendant, but at the close of plaintiffs' case the defendant moved for judgment in its favor, which motion was overruled. No complaint is made that the policy did not cover the property in question, nor as to the amount of the judgment.

The defendant first contends that the judgment is erroneous, in that it is not in favor of the proper parties, the argument being that the assignments to appellee Dierssen filed with the clerk of the court were not brought to the attention of the trial judge, and no evidence was introduced or could properly be introduced in reference to them, and therefore the substitution of appellee Dierssen for Dyer was erroneous. A further contention is made that, even if the assignments were properly before the court, the judgment is erroneous in that while it shows an assignment from

the Doctors Code to Dierssen, he was not substituted in their stead. The record shows that the substitution was made by the court on motion of the plaintiffs and no objection was made by the defendant. Whether the assignments were properly before the court is immaterial. We must assume that the court had sufficient facts before it to warrant the substitution. The record clearly shows that the suit was predicated on a particular insurance policy, which was offered in evidence, and there can be no contention that the defendant can in any way be affected by the substitution.

The defendant next contends that there is reversible error in the record, because proofs of loss were not filed "within sixty days from the time of the fire," as provided in the policy. While the policy was introduced in evidence, it is not contained in the record, so we are unable to determine the exact provision in this regard. But if we assume that the statement made in defendant's affidavit of merits is correct, i. e., that the policy provided that proofs of loss should be made "within sixty days from the time of the fire," we are clearly of the opinion that defendant's contention cannot be maintained. The fire occurred September 18th, and the proofs of loss were filed November, 18th.

The defendant argues that under the common law, which it contends is applicable to this case, the proper method of computing the time is to include the day on which the fire occurred, and the sixtieth day, although it fell upon a Sunday, should be included also. Defendant has not cited any case sustaining this contention. It has long been firmly established in this State that the proper mode of computing time when an act is to be performed within a particular period from or after a specified day is to exclude the day named and include the day on which the act is to be done. *Ewing v. Bailey,* 5 Ill. (4 Scam.) 420; *Protec-*

*tion Life Ins. Co. v. Palmer,* 81 Ill. 88; *Pugh v. Reat,* 107 Ill. 440; *United States Mut. Acc. Ass'n v. Mueller,* 151 Ill. 254; *Colonial Mut. Fire Ins. Co. of Philadelphia v. Ellinger,* 112 Ill. 302; *Cummins v. Holmes,* 11 Ill. App. 158.

In *Ewing v. Bailey, supra,* the court in passing on the question whether an appeal had been properly taken from a judgment rendered by a justice of the peace, said (p. 421): "The proper mode of computing time, where an act is to be performed within a particular period from or after a specified day, is to exclude the day named, and include the day on which the act is to be done."

The *Palmer* case, *supra,* was an action on a life insurance policy. In determining whether the assured was delinquent in the payment of his assessments, the condition of the policy being that payment must be made within thirty days from the date of notice of the assessment, it was held the day on which the notice was received should be excluded.

The *Ellinger* case, *supra,* was an action brought on a fire insurance policy. It was there held that in the computation of time within which suit should be brought after a specified time, the day named is to be excluded and the day on which the act is to be done should be included. The court said (p. 307): "The question therefore arises, was the suit commenced within the time thus stipulated? In this State the proper mode of computing time when an act is to be performed within a particular period from or after a specified time, is to exclude the day named and include the day on which the act is to be done. *Ewing v. Bailey,* 4 Scam. 420."

The same rule was again stated in the *Mueller* case, *supra,* which was an action in assumpsit on a life insurance policy.

Following the rule announced in these cases and excluding the day on which the fire occurred, Septem-

244        APPELLATE COURTS OF ILLINOIS.

Dierssen v. Williamsburg City Fire Ins. Co., 204 Ill. App. 240.

ber 18th, the sixtieth day thereafter would be November 17th, and it appears that this day was Sunday.

Paragraph 11, sec. 1, ch. 131, Rev. St. (J. & A. ¶ 11102) provides: "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded." Section 6, ch. 100, Rev. St. (J. & A. ¶ 7860) provides: "In computing the time for which any notice is to be given, whether required by law, order of court or contract, the first day shall be excluded and the last included, unless the last day is Sunday, and then it also shall be excluded."

We think the two sections just quoted are controlling, and the same rule of computing time applies even in the absence of statute. Endlich on Interpretation of Statutes, sec. 393; 2 Benjamin on Sales, 893, note: *English v. Williamson,* 34 Kan. 212; *Edmundson v. Wragg,* 104 Pa. St. 500; 2 Wharton on Contracts, sec. 897.

Excluding Sunday, the plaintiffs would have all day of the 18th of November in which to file their proofs of loss, and the proofs having been made on that date, they were in apt time.

Furthermore, the evidence shows that shortly after the fire a representative of the defendant attempted to adjust the loss with plaintiffs; that negotiations continued until a day or two before the proofs of loss were filed; that after the proofs were filed, further negotiations of the same character were had, and it does not appear that any objection was made that the proofs had not been filed within the time provided for. The trial court held that there was a waiver of the provision requiring proofs to be filed within sixty days after the fire, and we are of the opinion that the court was justified in so holding.

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*