308

STATE OF MISSOURI, EX REL., ARTHUR J. LANGE, ET AL., RELATORS, V. HON. R. B. OLIVER III, JUDGE, RESPONDENT; STATE OF MISSOURI, EX REL., LEONA ERBS, ET AL., RELATORS, V. HON. R. B. OLIVER III, JUDGE, RESPONDENT.—230 SW (2) 799.

Springfield Court of Appeals.  Opinion delivered May 10, 1950.

*Stephen Barton, Thomas L. Arnold* and *Oliver F. Erbs,* for relators.

*R. Kip Briney* and *Joe Welborn,* for respondent, R. B. Oliver, III, pro se.

310

ORIGINAL PROCEEDING IN THIS COURT

BLAIR, J.—These cases were consolidated at the time they were argued in this Court, and they will be treated together by us. In fact, the two cases are identical, in that the judicial authority of Respondent to make a consolidation in his Court of an equitable mechanic's lien case, with two mechanic's lien law cases, is involved. As we are informed that the two cases here involve the same questions of law, they can be treated together, although many interesting side issues might be discussed.

The Respondent is Judge of the Circuit Court of Scott County. The jurisdiction of this Court, in this proceeding, has been invoked by relators, and is admitted by Respondent, and such jurisdiction will be assumed by us.

We will follow the course adopted by the parties in the circuit court and will hereafter refer to the cases by the numbers which they bore in that court. The case called the equitable mechanic's lien case, is No. 7517, and the Mechanic's lien suits at law are No. 7538 and No. 7554.

It is the contention of relators that Respondent only had the power to dismiss the mechanic's lien suits at law, since the equitable mechanic's lien case was filed, and that he could not try the law cases and could not consolidate those cases with the equitable mechanic's lien suit in his court. They contend that the suits at law should not have been filed after such equitable mechanic's lien suit was filed; and that such mechanic's lien suits could not be consolidated with the previously filed equitable mechanic's lien suit, and that the liens sought in such legal mechanic's lien suit cannot now be established against the property described in the equitable mechanic's lien suit.

There is no question that the equity suit was filed before the suits at law were filed. The numbers of the suits in Respondent's Court so

indicate, and there is also proof thereof. Relators' position is as follows:

"Suit No. 7517 is an equitable mechanic's lien action, and it is exclusive of all other remedies, and no other, "separate mechanic's lien suit may be brought after its institution, as was attempted to be done in said suit at law, before final disposition by the final judgment of the Court therein of the proceeds of property involved in such equitable suit. Such suit so filed is a nullity. The filing of Motion to Consolidate in suit at law was a nullity and did not toll the statute."

Relators cite Sections 3571 and 3573, R. S. Mo. 1939. Section 3573 deals with the proper parties in mechanic's lien actions. The last sentence of Section 3573, R. S. Mo. 1939, is as follows:

"After the institution of such equitable action no separate suit shall be brought upon any mechanic's lien or claim against said property, or any of it, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit."

Relators first cite and rely upon Benning v. Farmers' Bank of Odessa, 190 S. W. 983. In that case there was an equitable mechanic's lien suit filed. The Kansas City Court of Appeals, Judge Trimble writing, there said:

"It is urged that there is a misjoinder of parties because the facts do not disclose a case permitting a suit under the act of April 3, 1911 (Laws 1911, p. 314). Puhr & Schimp have not complained and did not appeal. The appellant bank raised no objection before trial, but made the point in its motion in arrest that:

"'The petition seeks to establish and enforce two separate and independent mechanics' Liens in one action, and is not such a suit as is authorized by law for the enforcement of mechanics' liens.'"

In that case it was held that the law suits to establish mechanics' liens lost their power, upon the filing of an equitable mechanic's lien suit, for Judge Trimble then said:

"'Any and all liens in this article provided for may be adjudicated and determined * * * in one action,' etc.

"The next sentence provides that 'such action shall be an equitable action for the purpose of determining the various rights,' etc., of all persons interested. In other words, the Legislature intended to do away with a multiplicity of suits, minimize the costs, and simplify the manner of enforcing mechanics' liens, by providing for the settlement of all controversies in one action. The statute is not limited to any particular situation in which liens may exist, but applies to any and all liens."

That case is not authority for saying that, where an equitable mechanic's lien suit has been filed, nothing can be done to protect lienors, who are not original parties to the equitable mechanic's lien suit, as defendants or cross plaintiffs. They can enter the equitable mechanic's lien suit, on proper application, if otherwise qualified.

Relators next cite Richards Brick Co. v. Wright, 82 S. W. (2d) 274, by the St. Louis Court of Appeals. That is a very long case and it will not be quoted in full.

In discussing Section 3183, R. S. Mo. 1929, which is the same as Section 3573, R. S. 1939, Bennick, Commissioner, said:

"Section 3183 provides that when such equitable suit is brought, all other suits that may have been theretofore brought on any mechanic's lien claim or demand shall be stayed and not further prosecuted, the parties therein being made parties to such equitable suit; and that after the institution of such equitable suit no separate suit shall be thereafter brought upon any mechanic's lien or "claim against all or any of the property, but the rights of all parties shall be adjudicated and enforced in such one equitable suit."

The same court in Imse-Schilling v. Kellems, et al. 179 S. W. (2d) 910, l.c. 914, by the same author, reiterated its construction of Section 3183, R. S. Mo. 1929, and applied the language of said Section 3183 to Section 3573, R. S. Mo. 1939.

In Major v. McVey, 128 S. W. (2d) 347, l.c. 351, cited by relators, 910, l.c. 914, by the same author, reiterated its construction of Section 3572, R. S. 1939) Judge Hostetter, of the St. Louis Court of Appeals, made a distinction between Sections 3182 R. S. 1929, and the following Section 3138, R. S. 1929, where only one mechanic's lien law suit was filed. But the distinction in his mind is very evident, from what he did say.

The last case on this proposition, cited by relators, is Chance v. Franke, 153 S. W. (2d) 378. That case was by the Supreme Court. While inferentially recognizing the necessity of all lien claimants joining in an equitable mechanic's lien suit previously filed, Commissioner Bohling, speaking for Division Two of that Court, and at l.c. 380, posed the folowing question:

"Does a lien claimant who timely protects his rights and institutes an independent action lose his statutory rights merely because he fails to timely appear in an equitable action of which he has not been notified by the ordinary process of law or may such a lienor protect his rights by taking steps to consolidate the actions?"

In that case, the lien claimant apparently had taken the proper steps within the required time to protect his statutory legal rights and had not been advised of the pendency of the equitable mechanic's lien law suit. The judgment, under the equitable mechanic's lien suit was not pleaded, and that judgment was held not to be res adjudicata in a mechanic's lien suit at law.

In view of the foregoing cases, and Section 3573, R. S. Mo. 1939, we must hold that, after the equitable mechanic's lien suit was filed, it was the duty of plaintiffs in the mechanic's lien law cases, if they were not already named as plaintiffs in the equitable mechanic's lien suit, to

314

take steps to protect themselves in the equitable mechanic's lien suit, and the filing of such equitable mechanic's lien suit rendered even a previously filed suit at law a nullity. Respondent had no right to consolidate those mechanic's lien suits at law, with the equitable mechanic's lien suit, no matter when such equitable mechanic's lien suit was filed, if it was timely filed.

We cannot read the last part of Section 3573, R. S. Mo. 1939, that "the rights of *all persons* shall be adjusted, adjudicated and enforced in such equitable suit," (emphasis ours), without coming to the conclusion that Respondent had no power, under Section 3573, R. S. Mo. 1939, either to consolidate the mechanic's lien suits at law with the pending equitable mechanic's lien suit, or to protect the rights of other lien claimants, unless they can yet participate in such equitable mechanic's lien suit.

Respondent has made heroic efforts to protect the lien claims in the mechanic's lien suits at law. If those claimants are not now entitled to participate in the equitable mechanic's lien suit, Respondent's efforts must be held to be unavailing.

It is useless for us to discuss the many cases, cited by Respondent, wherein a distinction is sought to be made between the facts in those cases and the statute quoted above. That statute is clear and, until the Legislature itself changes the statute, both Respondent and this Court are bound thereby.

If Respondent had already rendered a judgment in the equitable mechanic's lien suit, which he should not have rendered, he certainly has the judicial power, on a proper showing, to correct his own alleged mistakes. Whatever was done in the equitable mechanic's lien suit, by such alleged wrongful act, does not affect the power of Respondent to consolidate the lien suits at law, with the equitable mechanic's lien suit, and that question cannot be determined in this case.

Our conclusion is, that Respondent had no power to consolidate the mechanic's lien suits at law with the equitable mechanic's lien suit, and that the writ of prohibition previously issued by this Court should be made permanent.

It is so ordered. *Vandeventer, P. J.,* and *McDowell, J.,* concur.