STATE OF MISSOURI ex rel. LEONA ERBS, ARTHUR J. LANGE, DOUGLAS W. DODDS, Trustee, PINE LAWN BANK AND TRUST COMPANY, Relators, v. HON. R. B. OLIVER III, Judge, Respondent, No. 42217—237 S. W. (2d) 128.

Court en Banc, February 12, 1951.

Rehearing Denied, March 12, 1951.

*Stephen Barton, Thomas L. Arnold* and *Oliver F. Erbs* for relators.

*R. Kip Briney* and *Joe Welborn* for respondent.

*R. B. Oliver III* pro se.

[129] HYDE, C. J.—Prohibition to prohibit respondent Judge from proceeding in two mechanics' lien suits at law which he ordered consolidated with a previously filed equitable mechanics' lien action. The preliminary rule in prohibition of the Springfield Court of Appeals was made absolute (State ex rel. Erbs v. Oliver, 230 S. W. (2d) 799); but on application of respondent we transferred the cause.

Relators were defendants in the mechanics' lien suits at law, and also in the equitable action, except Leona Erbs who later acquired title to the property involved. Originally there were two separate prohibition cases in the Court of Appeals, but they were consolidated. The equitable action, No. 7517 in the Circuit Court, was filed July 27, 1948. At that time, the mechanics' liens, which the two later suits at law sought to enforce, had been filed: one on May 21, 1948 and one on July 1, 1948. Suit on the lien filed in May, No. 7538, was commenced August 19, 1948; and suit on the other, No. 7554, was commenced September 15, 1948.. Relators filed motions to dismiss these suits on March 14, 1949, and they were overruled on August 29, 1949; a judgment by default had been taken in the equitable action on January 10, 1949.

However, the judgment entered was set aside on August 29, 1949 as defective on the face of the record because not responsive to the pleadings and not the kind of a judgment that could be entered in such a mechanics' lien action. It was a personal judgment in favor of all of the separate lien claimants jointly against all of the defendants, some of whom were trustees and mortgagees, without ordering a lien on any property. Such a judgment was subject to being set aside on motion of any interested party under the [130] authority of Sec. 1267, R. S. 1939, Mo. Stat. Ann. (Wooten v. Friedberg, 355 Mo. 756, 198 S. W. (2d) 1; Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S. W. (2d) 435.) Whether Sec. 1267 authorizes such action on the Court's own motion is not raised or involved under the pleadings in this case. Nevertheless, since it was not the kind of a judgment which could have been entered under the pleadings and on the record in this case, it was coram non judice and void. (See Noyes v. Stewart, 361 Mo. 475, 235 S. W. (2d) 333, and cases cited; see also 31 Am. Jur. 299, Sec. 760; 49 C. J. S. 444, Sec. 230.) When the Court set aside this judgment, the two plaintiffs in the mechanics' lien suits at law filed motions to consolidate these actions, 7538 and 7554, with the equitable suit 7517.

The contentions of relators are that since case No. 7517 is an equitable mechanics' lien action, it is exclusive of all other remedies; that no other separate mechanics' lien suit may be brought after its institution, as was attempted to be done in the suits at law herein; and that any such suit so filed after the commencement of such an equitable action is a nullity, without any effect whatever, and cannot operate to preserve the plaintiff's lien therein claimed or present any claim that can be consolidated with the equitable action. In short, they say that after an equitable action is begun the only recourse of a lien claimant is to file a proper timely pleading in the equitable action. They particularly rely on Richards Brick Co. v. Wright, 231 Mo. App. 946, 82 S. W. (2d) 274; Mansfield Lbr. Co. v. Johnson, (Mo. App.), 91 S. W. (2d) 239; and Imse-Schilling Sash & Door Co. v.

Kellems, (Mo. App.) 179 S. W. (2d) 910. Respondent cites Manchester Iron Works v. E. L. Wagner Const. Co., 341 Mo. 389, 107 S. W. (2d) 89; Lee & Boutell Co. v. C. A. Brockett Cement Co., 341 Mo. 95, 106 S. W. (2d) 451; and Chance v. Franke, 348 Mo. 402, 153 S. W. (2d) 378.

Provisions for an equitable action were adopted in 1911 (Laws 1911, p. 314), and others were added in 1913 (Laws 1913, p. 408); they became Sec.'s. 3570-3577, R. S. 1939, Mo. R. S. A.; now Sec.'s. 429.270-429.340 R. S. 1949. These provisions authorize the determination of all liens and the rights of all persons in any property in one equitable action which may be brought by any lien claimant, owner, lessee or mortgagee of the property. (Sec. 3570.) Any of them may join as plaintiffs and ''all persons claiming any lien or encumbrance upon, and all persons having any rights in or against and all owners and lessees of said property to be affected and any of it, all as may be disclosed by the proper public records, *shall be made parties to said action;*'' and those who do not join as plaintiffs ''*shall be made defendants.*'' (Sec. 3571.) This section further provides that if ''any person whose rights are disclosed by the record is omitted as a party, he may thereafter be made party to said action either upon his own application or upon application of any other party to said action *or by the court of its own motion.*'' (Our italics.)

Thus it is clear that all persons who have any interest in the property shown by proper public records are necessary parties and it is the duty of the plaintiffs, and of all parties, to bring them in; even the Court has the duty to see they are made parties and may bring them in of its own motion. Sec. 3552 requires the clerk of the circuit court to keep a book containing abstracts of all liens filed showing the name of the person seeking to enforce it, a description of the property charged and the name of the owner. Certainly this is a proper public record within the meaning of Sec. 3571 and all persons whose names are disclosed by it should be made parties when an equitable action is commenced. It is true that Sec. 3562 requires actions on liens to be commenced within ninety days after the lien is filed or the lien ceases to exist. However, Sec. 3577 provides, when an equitable action is commenced, this requirement is fulfilled if within such ninety day period a summons is issued to the lien claimant and he files answer or other proper pleading ''at the time required by law on a summons, in such equitable action.'' It is also fulfilled, whether the lien claimant [131] is made a party or not, by ''any answer, or other pleading, or motion, or entry of appearance followed by pleading in due course, filed or made in any such equitable action by any mechanics' lien claimant, within ninety days after the preliminary statement for the lien of such claimant has been filed.'' Therefore, the plain intent of the equitable mechanics' lien act was that all persons who had filed liens should be made parties to any equitable lien action when it was commenced and be served with summons promptly so that there would

be no need for them to begin any suit or do anything to preserve their liens except plead at the proper time in such equitable action.

Sec. 3576 provides that, after such equitable action is commenced, it "shall be exclusive of other remedies for the enforcement of mechanic's liens." Sec. 3575 provides, when an equitable action is brought, all other suits on mechanics' lien claims "shall be stayed and no further prosecuted, and the parties in any such other suit shall be made parties to such equitable action." It further provides "after the institution of such equitable action *no separate suit shall be brought* upon any mechanic's lien or claim against said property, or any of it, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit." (Our italics.)

Relators base their contentions upon this latter provision. What relators claim amounts to is that some lien claimants may commence an equitable action omitting as parties other lien claimants, whose claims appear in the lien record book of the circuit clerk, so that no summons will be issued to them within the ninety day period following the filing of their liens, and that these claimants will then lose their liens even if they begin a timely independent suit at law, without any notice of the equitable action. For example, if an equitable action should be commenced on the 89th day after a lien claimant had filed his lien (without making such claimant a party) and the claimant then filed his suit at law on his lien on the 90th day (and not learn of the equitable action until the next day), relators say he would lose his lien. In view of the positive mandatory language of Sec. 3570 that such lien claimants shall be made parties when the suit is commenced, and the provision for the Court to make them parties of its own motion if they are omitted, we do not think this harsh result must be reached. Parties cannot be permitted to thus gain by their own violation of a statutory requirement, especially in equity, whether it was wilfully done or caused by their neglect. Construing these statutes together as one entire plan and scheme for determining the rights of all parties in property, we think it is a reasonable construction to hold, when a party whose lien appears in the record book of the clerk is not made a party to an equitable action, that his timely filing of a suit to enforce his lien may be considered in effect as a cross bill in the equitable action and that he may thereafter be formally made a party thereto on his application or by the Court of its own motion.

We permitted this to be done in Manchester Iron Works v. Wagner Const. Co., (341 Mo. 389, 107 S. W. (2d) 89), which presented the same situation that we have here, although this is not fully disclosed by the opinion. There five separate equitable lien actions were brought to enforce liens on five separate apartment buildings on contiguous lots. There lien claimants sought liens on one or more but not all five of the buildings and filed cross petitions in only one of the

equitable actions after having previously commenced independent suits on their liens. We ordered these actions consolidated, saying: "Where separate actions are brought, a court of equity has inherent power to consolidate such separate actions in order that the rights of all lien claimants may be adjudicated and enforced in one action as provided in section 3180." (Now 429.270.) In that case, the record, now on file in this Court, shows that these claimants filed their separate independent suits after the equitable action was begun. The equitable actions were begun March 14, 1927; two of the liens, those of Wright and Myers, were also filed on that day and they both [132] filed suits on June 13, 1927; our opinion held these timely because the previous day was Sunday. Their cross petitions in the equity action were not filed until August 16, 1927. The third lien claimant, Modern Title Company, filed its lien on March 22, 1927 and filed an independent suit within 90 days thereafter. It also filed its cross petition in the equitable action on August 16, 1927. On that phase of the case, we said (107 S. W. (2d) l. c. 95): "Since the suits were brought within the ninety-day period, the life of the liens was preserved thereby, and claimants could thereafter be made parties to the equitable action on motion of any party or by direction of the court at any time before such equitable action was finally determined." The judgment in the consolidated equitable action establishing all three liens was affirmed.

We agree with the rulings in Mansfield Lumber Co. v. Johnson (91 S. W. (2d) l. c. 242) and Imse-Schilling Sash & Door Co. v. Kellems (179 S. W. (2d) l. c. 915) that, because of the prohibition against any later separate suit in Sec. 3573, no petition filed after an equitable action has been brought can amount to commencing a separate suit, and that no service of process therein can have any force or effect. Furthermore, we would say that all costs so incurred must be assessed against the party inadvertently causing them. However, it has been the policy of our Legislature to construct our mechanics' lien statutes upon broad principles of right and justice and this Court has construed them liberally to carry out their remedial purposes. (Fleming-Gilchrist Const. Co. v. McGonigle, 338 Mo. 56, 89 S. W. (2d) 15; See also Lee & Boutell v. C. A. Brockett Cement Co., 341 Mo. 95, 106 S. W. (2d) 451.) The liberal purpose of this equitable action is shown by the following provision in Sec. 3571, authorizing even persons whose rights were not shown of record to come in to the case at any time before final disposition of the proceeds of the property, namely: "Any person, lien claimant or other having any rights in, to, against or upon said property and any of it whose rights are not disclosed at the time of bringing said action by the proper record, shall be bound by the proceedings, orders and judgments in said actions, but any such person shall be entitled upon application to the court to be made a party to said action at

any time before final disposition by the final judgment of the court therein of the proceeds of said property and shall be entitled according to their respective rights to participate in the proceeds of the sale of such property and any of it, as the same may be thereafter received or then remain under the jurisdiction of the court.'' Our conclusion is that the Court in this case had authority to order the two lien claimants, who filed petitions numbered 7538 and 7554, made parties to the equitable action and to proceed to determine their rights therein.

The rule in prohibition heretofore ordered is discharged. All concur.