Theresa M. HACKMANN, d/b/a Hackmann Building Contractors, Plaintiff–Appellant,

v.

SOMMERFOR DEVELOPMENT CORP., Defendant–Respondent.

No. 51818.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1987.

Michael F. Merritt, William H. Wyne, Creve Coeur, for plaintiff-appellant.

Robert C. Jones, Robert M. Morris, Clayton, for defendant-respondent.

SATZ, Presiding Judge.

This is an action to enforce a mechanic's lien. Plaintiff, Theresa Hackmann d/b/a Hackmann Building Contractors, appeals from the trial court's judgment granting her $10,237.12 for carpentry work but denying her a priority lien against the subject property. We affirm in part and reverse in part and remand for further proceedings.

In June of 1979, as part of a condominium development project, defendant, Somerfor Development Corporation (Somerfor), contracted with plaintiff for certain carpentry services. Community Federal Savings and Loan Association (Community Federal) was Somerfor's construction lender, and it was in charge of disbursements for work done on the condominium project.

After plaintiff completed the carpentry work on the first building in the project, Community Federal, with Somerfor's approval, paid plaintiff for her services. In January of 1980, plaintiff began work on the project's second building. In August, 1980, plaintiff sent Somerfor a final bill for $17,712.25 for its work on this building. Of this amount, Somerfor paid plaintiff only $1,600. In a letter to plaintiff, Somerfor's president, Fred Lipnick, acknowledged that Somerfor still owed plaintiff a substantial amount of money for her carpentry work on the second building.

In January of 1981, plaintiff filed a lien statement against the Somerfor property. In April 1981, Somerfor paid plaintiff an additional $6,000, but remained indebted to plaintiff for the sum of $10,237.12.

In May 1981, plaintiff filed suit to enforce her mechanic's lien on the property. Previously, in August 1980, a different contractor, A & T Construction Company, had filed suit to enforce its mechanic's lien against the same property; and a third party, Rimar Building Products, also filed suit in another action to enforce its mechanic's lien against the Somerfor proper-

ty. Subsequently, in April 1982, the three suits were consolidated into one equitable mechanic's lien action.

In March 1983, both A & T Construction Company and Rimar Building Products were dismissed from the equitable action for failure to prosecute their claims. As a result, plaintiff was the only remaining lien claimant when the case went to trial on May 27, 1986.

After a jury-waived trial, the court entered judgment for Somerfor and Community Federal on both the contract and lien claims [1]. Subsequently, on its own motion, the court amended that judgment and awarded plaintiff a money judgment for $10,237.12. Neither party requested and the court did not issue Findings of Fact and Conclusions of Law.

On appeal, plaintiff argues the trial court erred in denying plaintiff a mechanic's lien against the subject property. We agree.

■ In reviewing a court-tried case where no findings of fact or conclusions of law are filed, we must view the evidence in the light most favorable to the prevailing party and disregard the contrary evidence. *Holdschneider v. Stratmen*, 655 S.W.2d 47, 48 (Mo.App.1983). We have done so. If the denial of the mechanic's lien can be upheld on any reasonable theory supported by the evidence, the judgment must stand. See *Mickelson v. Airmen, Inc.*, 712 S.W.2d 714, 716 (Mo.App.1986).

Defendant contends there are four different ways in which the trial court could have reached its decision to grant plaintiff's claim for the debt but deny plaintiff's claim for the lien. None of these theories is supported by the record.

Defendant first argues the trial court may have found that plaintiff had been paid in full for its services. Because there was conflicting testimony at trial regarding the amount of money which plaintiff had been paid, defendant contends, the trial court might have chosen to disregard plaintiff's testimony.

We are hard pressed to understand the logic of this argument given the fact the trial court entered judgment for plaintiff for the full amount of its prayer. The trial court could not have found plaintiff proved her damages for purposes of a money judgment but not for purposes of a mechanic's lien. Clearly, the judgment shows that plaintiff has proven Somerfor failed to pay for her carpentry work. We find ample evidence in the record to support this finding.

The only possible reason for denying the lien, therefore, would be because plaintiff somehow failed to comply with the procedural requirements of our mechanic's lien statutes, §§ 429.010–.360 RSMo (Supp. 1987).

Defendant argues the trial court may have concluded plaintiff was a subcontractor rather than an original contractor. If plaintiff was a subcontractor, she failed to comply with the subcontractor notice and filing provisions of §§ 429.080–.100. Such lack of compliance, defendant argues, would defeat plaintiff's lien.

■ The evidence in the record before us does not support this theory. Plaintiff's uncontroverted testimony was that she dealt directly with Lipnick as owner and never with any other party who acted as a general contractor. Plaintiff was compensated through Lipnick's providing vouchers for finished work. A party who contracts directly with the owner is an original contractor. *R.J. Stevens Drywall and Painting Co. v. Taylor–Morley–Simon, Inc.*, 628 S.W.2d 374, 375 (Mo.App.1982); See also *Home Building Corp. v. Ventura Corp.*, 568 S.W.2d 769, 771 (Mo. banc 1978). On this record, plaintiff must be considered an original contractor, and, thus, we find plaintiff complied with the relevant statutory lien notice and filing requirements in § 429.012 and § 429.080 RSMo. (1978).

■ Defendant next argues plaintiff failed to properly join Community Federal

---

**1.** Defendant Somerfor did not appear at trial nor did it file a brief on appeal.

within six months of filing its original petition to enforce its mechanic's lien. § 429.170 RSMo. (1978). This argument mistakenly assumes that all individuals with an interest in the property are necessary parties in any mechanic's lien action. Although all persons who have any interest in the property, shown by proper public records, are necessary parties to *equitable* mechanic's lien actions, *see State ex rel. Erbs v. Oliver*, 361 Mo. 836, 237 S.W.2d 128, 130 (1951), only persons with an ownership interest are necessary parties to the mechanic's lien actions at law. *See Leonard v. Bennett*, 674 S.W.2d 123, 130 (Mo. App.1984).

Moreover, in the consolidated equitable action, plaintiff's Second Amended Petition names Community Federal as a defendant. Plaintiff thus complied with the provisions governing parties to an equitable action, which provide that necessary parties "may be made a party to said action any time" before a final judgment is rendered by the trial court. § 429.280 RSMo. (1978).

■ Finally, defendant argues the mechanic's lien was proper because plaintiff failed to diligently prosecute her claim. Although it is true mechanic's lien actions must be diligently prosecuted, § 429.170 RSMo. 1978, the evidence does not support finding plaintiff failed to diligently prosecute her claim. *See Vonder Haar Concrete v. Edwards–Parker, Inc.*, 561 S.W.2d 134 (Mo.App.1978). The court minutes of the case show no gaps where plaintiffs ceased timely prosecution. Plaintiff frequently placed the case on the trial docket. Defendants, not plaintiff, requested the continuances. We find no support in the record for denying plaintiff's lien for lack of diligent prosecution.

On the present record, then, plaintiff must be granted her mechanic's lien against the subject property. However, on this record, we are unable to resolve the fact issues necessary to determine whether Community Federal's deed of trust takes priority over plaintiff's lien. The trial court must determine whether Community

Federal's involvement in the condominium project was substantial enough to waive the priority of its deed of trust on the property. *See, e.g., Kranz v. Centropolis Crusher, Inc.*, 630 S.W.2d 140, 149 (Mo. App.1982).

Accordingly, the judgment of the trial court is reversed with respect to plaintiff's lien, and the cause is remanded for further proceedings consistent with this opinion.

KELLY and CRIST, JJ., concur.