Roy MEDLIN, Appellant,

v.

RLC., INC., Defendant,

and

Guaranty Federal Savings Bank, and Husch Trustee, Inc., Respondents.

No. 27236.

Missouri Court of Appeals, Southern District, Division Two.

July 6, 2006.

Steven E. Marsh, Hulston, Jones & Marsh, Springfield, for appellant.

Gary E. Bishop, Mann, Wlater, Bishop & Sherman, P.C., Springfield, for respondent.

ROBERT S. BARNEY, Judge.

Roy Medlin ("Appellant") appeals the trial court's judgment granting a joint motion to dismiss Respondent Guaranty Federal Savings Bank ("the Bank"), and the trustee of its deed of trust, Respondent Husch Trustee, Inc. ("Trustee"), from Appellant's mechanic's lien action. As more fully explained below, we determine Appellant's appeal is moot and, also, he was not "aggrieved" by the trial court's dismissal. We are compelled to dismiss Appellant's appeal. § 512.020.[1]

---

1. All statutory references are to RSMo.2000.

In his "Fifth Amended Petition" Appellant had asked the trial court to determine the respective rights and interests of all parties to the mechanic's lien action, and to further adjudicate and decree the priority and superiority of his mechanic's lien as to all other deeds of trust.[2]

In his sole point on appeal, Appellant maintains the trial court erred in granting the Bank and Trustee's joint motion to dismiss, in that its misapplication of the law "effectively, but erroneously, determined, without an evidentiary hearing on the merits, that [the Bank's] deeds of trust were superior to [Appellant's mechanic's] [l]ien."

Liberally construing the pleadings and accepting all alleged facts as true in a light most favorable to Appellant, *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 410 (Mo.App.2000), the record reveals that from April 21, 1999, through December 10, 1999, Appellant performed excavation work for RLC during the creation of a new residential subdivision called "Augusta Heights" in Willard, Missouri.

▉▉▉ On May 15, 2000, Appellant filed a mechanic's lien in the amount of "$36,397.19, plus interest at the legal, contract or stated rate of 18 [percent] per annum ..." for the unpaid balance owed to him under a purported contract with RLC, for subdivision development work on Augusta Heights.[3]

The Bank financed the development of Augusta Heights pursuant to a construction loan with RLC. The Bank also made a separate loan to Richards & Associates, LLC. As security for its notes the two deeds of trust variously covered lots in Augusta Heights.

Appellant filed his "Fifth Amended Petition" on July 6, 2004, seeking to enforce his mechanic's lien. It appears that only Count I is applicable to Appellant's allegations against the Bank and Trustee. Count I, alleged RLC was indebted to Appellant in the amount of $36,397.19 and that the Bank and Trustee's interest in Augusta Heights, pursuant to the Bank's deeds of trust, was inferior to Appellant's mechanic's lien.

On December 9, 2004, the Bank and Trustee filed their joint motion to dismiss in which they asserted the Bank "has released in the normal course of its business all liens which it previously held on any property involved in this mechanic's lien action." The Bank and Trustee also

---

**2.** Appellant brought his "Fifth Amended Petition" against at least fifty-nine defendants, including named Defendant RLC, Inc. ("RLC"), which was also listed as one of the "owners" in the petition. Appellant asserted his priority over all of the defendants' interests, and requested the attachment of his lien against various parcels of land and/or proceeds from the sale of the parcels in Augusta Heights. However, as this appeal concerns only the trial court's grant of dismissal against the Bank and Trustee, it is not necessary to detail all of the other defendants in the underlying action.

**3.** In the present matter, the record submitted to this Court by Appellant does not include a copy of the mechanic's lien at issue nor does it contain several other documents which are referenced in Appellant's brief. "An appeal may be dismissed for failure to file an adequate record on appeal." *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App.2000). It was Appellant's burden to furnish the records necessary for our review. *See id.* Rule 81.12(a) requires an appellant to file a record on appeal which "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." As we are able to glean the majority of the details from the pleadings and as the Bank and Trustee do not contest the actual validity of the underlying mechanic's lien, we will not dismiss Appellant's appeal based on his non-compliance with Rule 81.12(a).

All rule references are to Missouri Court Rules (2005).

averred that Trustee held no claim or interest in the property at issue. They further asserted that because the construction loan had been satisfied and the deeds of trust released, neither the Bank nor Trustee remained subject to Appellant's lien claims.[4] Attached to their joint motion to dismiss were copies of two deeds of release filed by the Bank on November 14, 2003, releasing the Bank's interest in all of the lots at issue in Augusta Heights.

On May 18, 2005, the trial court granted the Bank and Trustee's joint motion to dismiss and made its judgment final for the purposes of appeal. Rule 74.01(b). This appeal followed.

In his sole point on appeal, Appellant maintains the trial court erred in granting the joint motion to dismiss and in dismissing Appellant's petition as to the Bank and Trustee because the "construction of the allegations of [Appellant's] petition ... asserted the superiority and priority of his lien under [section] 429.050 and/or [section] 429.060 ..." such that the trial court's ruling was an erroneous application of the law.[5] Appellant also sets out that he "asserted a recognized cause of action for enforcement of his mechanic's lien[;] asserted that his lien was superior to [the Bank's] deeds of trust[;] sought a declaration of the respective rights and interests of the parties[;]" and that his allegations were "required to be taken as true on a motion to dismiss."

■ Appellant also maintains "the payment of [the Bank's] loans and release of its deeds of trust did not defeat or obviate the superiority of [Appellant's] lien claim ... especially where [Appellant's] lien was entitled to preference pursuant to [section] 429.050 and/or [section] 429.060...."[6] Relying on section 429.190, Appellant argues that without the Bank's presence as a party, the Bank would not be bound by the ultimate determination of the trial court regarding priorities, which would "effectively" deny Appellant his claim of superiority over the Bank's interest and which would allow the Bank "de facto priority"

---

4. The Bank and Trustee also set out that "[p]ursuant to [s]ection 381.400, et seq., proceeds from the sale of the property formerly subject to liens of [the Bank] are now held in escrow by Hogan Land Title Company, Inc. for the benefit of [Appellant] in the event [Appellant] prevails in this mechanic's lien action."

5. Section 429.050 sets out that:

The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements for which they were furnished or the work was done, in preference to any prior lien or encumbrance or mortgage upon the land upon which said buildings, erections, improvements or machinery have been erected or put; and any person enforcing such lien may have such buildings, erections or improvements sold under execution, and the purchaser may remove the same within a reasonable time thereafter; provided, that nothing contained in this section shall be so construed as to allow any such sidewalk as is mentioned in sections 429.010 to 429.340 to be so sold under execution or so removed.

Section 429.060 states that "[t]he lien for work and materials as aforesaid shall be preferred to all other encumbrances which may be attached to or upon such buildings, bridges or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements."

6. "Sections 429.050 and 429.060 govern the issue of priority of mechanic's liens." *Butler Supply, Inc. v. Coon's Creek, Inc.*, 999 S.W.2d 748, 750 (Mo.App.1999). As previously recited, section 429.050 "provides that mechanic's liens shall attach to the improvements constructed in preference to any prior lien." Id. "Section 429.060 provides that mechanic's liens shall be preferred, as to land as well as the improvements, to all other encumbrances *subsequent* to the commencement of the improvements." Id. (emphasis added).

over Appellant's lien.[7]

However, Appellant's appeal appears to be moot. We observe that a case on appeal becomes moot when the question presented seeks a judgment on a matter which would have no practical effect on any existing controversy. *Nease v. Indep. Living Res. Ctr., Inc.,* 159 S.W.3d 412, 413 (Mo.App.2005). "In deciding whether a case is moot, an appellate court is allowed to consider matters outside the record." *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). In the instant litigation, this Court cannot give Appellant effective relief, in light of the fact that the Bank released its two deeds of trust as evidenced by the attachment of the deeds of release to the Bank and Trustee's joint motion to dismiss. This resulted in the elimination of any challenge by the Bank or Trustee as to the priority of Appellant's lien.

It is also our observation that Appellant, without expressly saying so, is alleging that the Bank is a necessary party which must be joined in this proceeding in order to adjudicate Appellant's mechanic's lien. Broadly speaking, a "necessary person is one who is so vitally interested in the subject matter that a valid judgment cannot be effectively rendered without their presence." *Williams Pipeline Co. v. Allison & Alexander, Inc.,* 80 S.W.3d 829, 837 (Mo.App.2002). With that being said, whatever claims the Bank had on the properties in question have been extinguished by the Bank's release of its two deeds of

trust. § 443.060; *see Goetz v. Selsor,* 628 S.W.2d 404, 406 (Mo.App.1982) (holding that as a general rule when a mortgage debt is paid, the mortgage is extinguished); *Leonard v. Bennett,* 674 S.W.2d 123, 130 (Mo.App.1984) (holding that where a finance company had previously assigned its interest, the finance company was "therefore neither an owner nor a contracting party and as such its presence was not mandatory in this suit to confer jurisdiction for the granting of a lien").

We recognize, of course, that "[a] mechanic's lien is 'a remedy in the nature of a charge on the land given by statute to secure a priority of payment for the performance of labor or the supply of material to buildings or other improvements to be enforced against the particular property in which they have become incorporated.' " *Lake Ozark Constr. Indust., Inc., v. Osage Land Co., L.L.C.,* 168 S.W.3d 471, 475–76 (Mo.App.2005) (quoting *Herbert & Brooner Constr. Co. v. Golden,* 499 S.W.2d 541, 545 (Mo.App.1973)). Nevertheless, as a result of the Bank's action in releasing the two deeds of trust, Appellant remains completely free to adjudicate his mechanic's lien claims against the same people and/or entities with whom he originally contracted and is, likewise, free to attempt to impress his lien on the properties on which he originally labored. Additionally, based on the release of its deeds of trust, the Bank may not now assert or maintain any future claims on the properties involved in the litigation. Given these circumstances,

---

7. Section 429.190 sets out that:
   In all suits under sections 429.010 to 429.340 the parties to the contract shall, and all other persons interested in the matter in controversy or in the property charged with the lien may be made parties, but such as are not made parties shall not be bound by any such proceedings.
   In this connection, we note that "only persons with an ownership interest are necessary par-

ties to the mechanic's lien actions at law" while persons "who have *any interest* in the property, shown by proper public records, are necessary parties to *equitable* mechanic's lien actions." *Hackmann v. Sommerfor Dev. Corp.,* 741 S.W.2d 857, 860 (Mo.App.1987) (emphasis added); *see State ex rel. Erbs v. Oliver,* 361 Mo. 836, 237 S.W.2d 128, 130 (banc 1951).

there is no requirement that the Bank or Trustee remain in the litigation as either necessary or nominal parties, as those terms are understood in the context of section 429.190, because neither the Bank nor Trustee have any legally recognizable interest in the litigation. *See Leonard,* 674 S.W.2d at 130.

We further observe that "[t]he right to appeal is established by [s]ection 512.020, which provides in relevant part, '[a]ny party to a suit *aggrieved by any judgment* of any trial court in any civil cause from which an appeal is not prohibited may take his appeal to any court having appellate jurisdiction from any final judgment.'" *Parker v. Swope,* 157 S.W.3d 350, 352 (Mo.App.2005) (quoting § 512.020) (emphasis added). "An aggrieved party is one who suffers from an infringement or denial of legal rights." Id. "The judgment in question must operate directly and prejudicially on the party's personal or property rights or interests and such effect must be immediate and not merely a possible remote consequence." Id. Here, Appellant was not aggrieved by the trial court's judgment.

Accordingly, we determine Appellant's appeal is moot. Additionally, we cannot accord Appellant effective relief because he was not aggrieved by the trial court's dismissal of the Bank and Trustee from the lawsuit for reasons previously set out. Under these circumstances, we are not vested with jurisdiction over this appeal and that lack of jurisdiction requires dismissal of Appellant's appeal. *See Meyers v. Johnson,* 182 S.W.3d 278, 280–81 (Mo. App.2006).

Appeal dismissed.

GARRISON, J., and BATES, C.J., concur.